```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHANCELLOR PROPERTIES, INC.     :     CIVIL ACTION
                                :
        v.                      :
                                :
HOUSTON CASUALTY CO., et al.    :     NO. 09-4514
```

MEMORANDUM

Bartle, C.J.                                    November 12, 2009

       Plaintiff Chancellor Properties Inc. ("Chancellor") moves to remand this declaratory judgment action to the Court of Common Pleas of Philadelphia County. Chancellor seeks a declaration that defendant Houston Casualty Company ("Houston") is obligated to defend and indemnify it in connection with an underlying lawsuit in state court. In addition to Houston, Chancellor named the Lenox Condominium Association ("Lenox") as a defendant.

       On January 9, 2008, Lenox had filed a lawsuit against Chancellor in the state court for negligently misrepresenting the condition of condominiums for which Chancellor had acted as the exclusive sales agent. Lenox Condo. Ass'n v. Lenox Apartments, Inc., No. 2008-00482 (Ct. Com. Pl. of Philadelphia County, filed Jan. 9, 2008). Chancellor contacted Houston, its insurer, in order to obtain representation and, if necessary, indemnification. Houston has refused to defend and indemnify Chancellor on the ground that Lenox's suit falls outside the scope of the policy coverage.

As a result of that refusal, Chancellor brought this declaratory judgment action against Houston and Lenox in the state court on September 29, 2009. Houston, invoking this court's diversity jurisdiction, subsequently removed the action.[1] As noted above, Chancellor now seeks to have it remanded to the state court.

Under 28 U.S.C. § 1441, a defendant is entitled to remove an action filed to a federal district court if there is subject matter jurisdiction based on diversity of citizenship and none of the defendants is a citizen of the forum state, in this case Pennsylvania. See 28 U.S.C. § 1441(a)-(b). Plaintiff Chancellor is a Pennsylvania citizen, while defendant Houston is a citizen of Texas and defendant Lenox, like Chancellor, is a citizen of Pennsylvania. Diversity is lacking as the parties are now aligned because plaintiff Chancellor and defendant Lenox are both citizens of the Commonwealth.

Houston argues, however, that defendant Lenox was fraudulently joined and must be ignored for purposes of removal. The Supreme Court has held that a fraudulently joined defendant is to be disregarded and thus its citizenship does not preclude removal. See Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939).[2]

---

1. Houston has simultaneously brought an identical declaratory judgment action in federal court. See Houston Cas. Co. v. Chancellor Props., Inc., Civ. A. No. 09-3577. Chancellor has filed a motion to dismiss Houston's complaint in this action.

2. In order to remove an action to federal court, it is well settled that all defendants must timely consent to the removal. Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995).

The joinder of a defendant is fraudulent if there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute an action against the defendant." Abels v. State Farm Fire and Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). The joinder of a defendant, however, is not fraudulent, regardless of the grounds supporting the claim against it, if it is a necessary and indispensable party under state or federal law. See Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, 809 F.2d 1006, 1010 (3d Cir. 1987).

Here, Chancellor has not set forth a claim for relief against Lenox. Nor does Lenox's presence affect the outcome of Chancellor's claim against Houston for a declaration of the meaning of the insurance policy. The Court of Appeals, however, has recognized that, in declaratory actions regarding the scope of insurance coverage, the injured party is an indispensable party. See Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 354, n.5 (3d Cir. 1986). Here, Lenox is the party whose injury is the subject of the insurance coverage dispute. Lenox is an indispensable party and thus not fraudulently joined.

If Lenox is a properly named defendant, removal to this court is prohibited. Under § 1441(b), a diversity case cannot be removed where, as here, a defendant is a citizen of the state in which the action was originally filed. Houston, however, argues

---

The unanimity rule, however, is not applicable with respect to any defendant who has been fraudulently joined. Id. at 213 n.4.

that Chancellor's joinder of Lenox still does not defeat removal because Lenox must be realigned as a plaintiff. Diversity jurisdiction cannot be conferred on or withheld from a federal court based on a party's determination as to who is a plaintiff and who is a defendant. It is "our duty to look beyond the pleadings and arrange the parties according to their sides in the dispute." City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941). Our Court of Appeals employs the "principal purpose" or "primary issue" test for determining whether the alignment of the parties is appropriate. See Employers Ins. of Wausau v. Crown Cork & Seal Co., 942 F.2d 862, 865 (3d Cir. 1991). Under this test, we must first identify the primary issue in controversy in the action and then determine whether there is a real dispute between the parties regarding that issue. Id. at 864.

Here, the declaratory judgment action's primary purpose is to determine the scope of the insurance policy issued to Chancellor by Houston. Chancellor and Houston are very much at odds regarding the scope of the coverage. Chancellor and Lenox are not. In fact, Chancellor and Lenox share a common interest in obtaining coverage for the subject of Lenox's underlying suit against Chancellor in the state court. Chancellor concedes this issue, agrees that Lenox should be properly realigned as a plaintiff, and does not challenge this court's subject matter jurisdiction over the declaratory action. Because realignment of the parties is proper, we find that Lenox is truly a plaintiff in

the suit.  The court has subject matter jurisdiction based on diversity of citizenship and the requisite amount in controversy.

While Chancellor concedes that this court has subject matter jurisdiction, it contends that the court has and should exercise the discretion to remand the declaratory judgment action to state court as well as to dismiss Houston's declaratory judgment action filed in the related case.  Chancellor argues that both actions are governed purely by state law with no federal issues at stake so as to make federal court jurisdiction ill-advised.

The Declaratory Judgment Act allows a court to "declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a).  This jurisdiction, however, is discretionary, and district courts may decline to adjudicate otherwise justiciable cases within the court's jurisdiction based on "practicality and wise judicial administration."  See Wilton v. Seven Falls Co., 515 U.S. 277, 282-83, 286-88 (1995); State Auto Ins. Cos. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000).  There is no sound reason, in our view, for this court to decline to resolve this action.

Accordingly, we will deny the motion of Chancellor to remand this action to the Court of Common Pleas of Philadelphia County.